UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

                                                    Case No. 13-20358

v.

                                                    Honorable Nancy G. Edmunds

Dr. Subha S. Reddy,

       Defendant.
                                                      /

**ORDER AND OPINION GRANTING THE GOVERNMENT'S MOTION IN LIMINE TO EXCLUDE DEFENDANT'S PROPOSED EXPERT TESTIMONY OF LATIKA MANGRULKAR [40]**

This matter came before the Court on the Government's motion *in limine* to exclude the proposed expert testimony of Latika Mangrulkar. A hearing was held on the matter on April 16, 2014, and for the reasons stated on the record and set forth herein, the Court GRANTS the Government's motion and excludes the proposed expert testimony of Latika Mangrulkar.

Federal Rule of Evidence 702 controls the qualification of expert witnesses and states that:

> [a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

In this case, Ms. Mangrulkar, an English teacher, social worker, and writer by training, has prepared a "psycho-cultural-social assessment" of Defendant Dr. Subha Reddy. Ms. Mangrulkar testified that the psycho-cultural-social assessment is a common tool of the social worker and that an effective assessment allows for increased success when addressing whatever issues the social work client is suffering from.

In creating her assessment of Defendant, Ms. Mangrulkar relied on both her training as a social worker and her personal knowledge and experience as an Indian woman and with women's issues in southern India, a topic that Ms. Mangrulkar has studied on her own for several decades.

Ms. Mangrulkar has not published any scholarly or academic articles on the topic of women's issues in southern India, nor has she ever testified as an expert witness on the topic. Ms. Mangrulkar has one master's degree in social work and two in English literature. Ms. Mangrulkar testified that she has been involved with non-profit community groups that support South Asian women and families and that she has written and presented, but not published, several research papers on the topic of women's issues in South Asian culture over the years.

Ms. Mangrulkar's assessment, being rooted in the methods of social work, relied solely on information provided by Defendant over the course of six one-hour meetings. Ms. Mangrulkar's conclusion, that Defendant was left no choice but to follow her deceased husband's instructions with regard to the running of the business at issue in this case, is severely undercut by the fact that Ms. Mangrulkar did not discuss the business with Defendant and by Ms. Mangrulkar's testimony that she believes there is no reason that Defendant should not know right from wrong.

As to the specific factors of Rule 702, the Court finds that Ms. Mangrulkar is not qualified by "knowledge, skill, experience, training, or education," because based on her own testimony, while women's issues in southern India is a topic that she has studied on her own over the years, applying those studies to an individual's ability to make decisions in the context of a criminal trial is not something that Ms. Mangrulkar has ever done before.

Moreover, Ms. Mangrulkar's testimony will not "help the trier of fact to understand the evidence or to determine a fact in issue" as she did not discuss anything with Defendant directly related to the crimes at issue, instead focusing on Defendant's background up to but not including Defendant's role in running the business at the center of the criminal trial. Ms. Mangrulkar's testimony is not based on sufficient facts or data, as she only spoke with Defendant and took everything she said as true, without speaking to any of Defendant's employees or anyone else with first hand knowledge of the facts alleged in the indictment. While the psycho-social-cultural assessment may be a reliable social work methodology, Ms. Mangrulkar did not "reliably apply" that methodology "to the facts of the case" in that she did not discuss any of the relevant facts of the case with Defendant.

As Ms. Mangrulkar does not meet the requirements of Rule 702 for qualification as an expert witness, the Court GRANTS the Government's motion to exclude her proposed expert testimony.

SO ORDERED.

                                                s/Nancy G. Edmunds
                                                Nancy G. Edmunds
                                                United States District Judge

Dated: April 17, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 17, 2014, by electronic and/or ordinary mail.

                                          s/Carol J. Bethel
                                          Case Manager