UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                Case No. 13-cr-20358
                                            Hon. Matthew F. Leitman

vs.

D-1, SUBHA REDDY,

       Defendant.
_____/

## PRELIMINARY ORDER OF FORFEITURE

The United States filed an Application for Entry of Preliminary Order of Forfeiture based upon the facts set forth in the Indictment, the terms of Defendant's Rule 11 Plea Agreement ("Rule 11"), Defendant's guilty plea to Health Care Fraud in violation of 18 U.S.C. §§ 1347 and 2, Conspiracy to Violate the Anti-Kickback Statute in violation of 18 U.S.C. § 371, and Money Laundering in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i) and 2, and the information in the record in this case. The government's application is granted.

NOW THEREFORE, based upon Defendant's acknowledgment of criminal forfeiture proceedings, Defendant's Rule 11 and guilty plea, the government's Application for Entry of Preliminary Order of Forfeiture and the information in the record, **IT IS HEREBY ORDERED AND ADJUDGED THAT**:

1

1. A forfeiture money judgment in the amount of **$4,644,317.82** is granted and entered against Defendant SUBHA REDDY in favor of the United States of America pursuant to 18 U.S.C. § 982(7).

2. Any and all interest of Defendant SUBHA REDDY, and any and all interest of any company in which Defendant had or has an ownership interest, in the following property IS HEREBY FORFEITED to the United States for disposition in accordance with law, and any right, title or interest of Defendant SUBHA REDDY and any company in which Defendant had or has an ownership interest, and any right, title or interest that Defendant's heirs, successors or assigns, have or may have in said property IS HEREBY AND FOREVER EXTINGUISHED because said property constitutes proceeds of Defendant's violation of 18 U.S.C. § 1347 as set forth in Count One of the Indictment:

    a. $23,019.84 in funds from Bank Account No. 4245959533 at PNC Bank, Detroit, Michigan;

    b. $12,079.62 in funds from Bank Account No. 831994066 in the name of Subha Reddy at JPMorgan Chase Bank, Detroit, Michigan;

    c. $9,647.12 in funds from Bank Account No. 470092854 in the name of Revolutionary LLC at JPMorgan Chase Bank, Detroit, Michigan;

    d. $52,720.77 in funds from Bank Account No. 048-204234 in the name of Subha Reddy at National Financial Services, LLC, collectively doing business as Fidelity Investments;

e. All proceeds resulting from the Court authorized interlocutory sale of a 2011 Land Rover Range Rover Station Wagon, VIN SALSH2E47BA273421;

f. $69,175.62 in funds from Bank Account No. 425480004 at PNC Bank, Detroit, Michigan;

g. The real property located at 21999 Farmington Road, Farmington, Michigan, and being more fully described as:

> Land is located in the City of Farmington Hills, County of Oakland, State of Michigan, and described as follows:
>
> South 1/2 of Lot 5, Lots 6 through 15, and the North 1/2 of Lot 16, including one-half of the vacated public alley adjacent thereto, Flemings Roseland Park Subdivision, as recorded in Liber 47 of Plats, Page(s) 42, Oakland County Records.
> Commonly known as: 21999 Farmington Road, Farmington Hills, MI 48335
>
> Tax Parcel No: 23-33-229-060
> Titled to: Revolutionary LLC;

h. The real property located at 981 Keaton Dr., Troy, Michigan, and being more fully described as:

> Lot 5, Troy Keaton Manor Subdivision, according to the Plat thereof as recorded in Liber 178, Pages 38, 39 and 40 of Plats, Oakland County Records.
> Commonly known as: 98I Keaton Dr., Troy, Michigan
>
> Tax Parcel No: 88-20-04-156-001
> Titled to: Subha Reddy

The above listed property is collectively referred to hereinafter as the

"Subject Property."

3.  Following the final liquidation and disposition of the Subject Property forfeited to the United States in this criminal case, listed above, the amount *owed* by Defendant on the $4,644,317.82 forfeiture money judgment shall be reduced by the net amount obtained by the government from the forfeiture and disposal of those assets.

4.  The requisite nexus exists between the Subject Property and Defendant's violation of 18 U.S.C. § 1347 as set forth in Count One of the Indictment.

5.  Upon entry of this Order, the United States or its designee is authorized to seize the Subject Property if any of such assets are not yet in its custody or control, pursuant to Federal Rule of Criminal Procedure 32.2(b)(2) and (3), to conduct any discovery that the Court considers proper to help identify, locate, or dispose of any assets described herein, and the United States is authorized to begin proceedings consistent with applicable statutory requirements pertaining to ancillary hearings and the rights of any third parties.

6.  The United States shall publish for at least thirty days, utilizing a government internet site, www.forfeiture.gov, notice of this Preliminary Order of Forfeiture and its intent to dispose of the Subject Property in such manner as the Attorney General may direct, pursuant to 21 U.S.C. § 853(n). Said notice shall direct that any person, other than Defendant SUBHA REDDY, asserting a legal interest in the Subject Property may file a petition with the Court within

thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in the property listed above. The petition must be signed by the petitioner under penalty of perjury and must set forth the nature and extent of the petitioner's alleged right, title or interest in the property described above, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person or entity known to have an alleged interest in the Subject Property.

7. Following the Court's disposition of all petitions filed, if any, and upon proof of publication and notice to any persons known to have alleged an interest in the property described above, the United States shall have clear title to the Subject Property, and the Attorney General, and the United States Marshals Service are authorized to dispose of the forfeited assets in accordance with law.

8. This Preliminary Order of Forfeiture shall become final as to the Defendant at the time she is sentenced and shall be made part of the sentence and included

in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed.R.Crim.P. 32.2(c)(2).

9. The Court retains jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed.R.Crim.P. 32.2.

**IT IS SO ORDERED.**

/s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: December 5, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 5, 2017, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764